Scott William Woehr, Washington, D.C., for plaintiffs.

Kathryn Amelia Ledig, Oakton, Va., for defendants.

**Mei–Mei VENNERS and John Venners, Plaintiffs,**

v.

**KIMBALL INTERNATIONAL, INC., Kimball Office Furniture Co., and Frank Sessa, Defendants.**

Civ. A. No. 90–836–A.

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 27, 1990.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on plaintiffs' motion to dismiss counterclaim, to strike defenses, and motion for sanctions. Plaintiffs allege that this court's August 6, 1990 order finding that venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), despite the existence of a forum selection clause, eliminates any substantive contractual rights the defendants may have arising from plaintiffs' filing this suit in Virginia. The defendants contend that plaintiffs' motions should be denied since application of a federal procedural rule does not abrogate any underlying substantive rights existing in state law.

Plaintiffs Mei–Mei Venners and John Venners brought suit against Kimball International, Inc. seeking damages for harm suffered as a result of wrongful termination and other actions relating to the employment of Mei–Mei Venners by the defendants. Defendants moved to dismiss the matter for improper venue based upon a forum selection clause contained in the employment contract. On August 6, 1990, this court entered an order denying defendants' motion to dismiss based on the Supreme Court's decision in *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The *Stewart* decision requires a federal court in

a diversity action to balance the conveniences of the parties and witnesses pursuant to 28 U.S.C. § 1404(a) even though a forum selection clause is present. The Court found that the balancing prescribed under section 1404(a) "encompasses consideration of the parties' private expression of their venue preferences." 108 S.Ct. at 2244. Consequently, venue properly lies in the Eastern District of Virginia.

Pursuant to plaintiffs filing this action in the Eastern District of Virginia, defendants filed a counterclaim alleging that Ms. Venners breached her employment contract by bringing suit in Virginia instead of the selected forum state of Indiana.

The issue before this court is whether application of *Stewart* abrogates the underlying substantive rights of the parties. According to the *Stewart* decision, when a federal statute governs the issue and represents a valid exercise of Congress' constitutional powers, that statute must be applied. 108 S.Ct. at 2242–43. However, application of this federal housekeeping rule "does not carry with it a change in the applicable law." *Id.* at 2245 (citing *Van Dusen v. Barrack*, 376 U.S. 612, 636–37, 84 S.Ct. 805, 819–20, 11 L.Ed.2d 945 (1964)); *see also Hanna v. Plumer*, 380 U.S. 460, 473, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965). In this case, the applicable law is contract law. Thus, a federal court in a diversity action must look to state law to resolve that issue. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The defendants' decision to offer employment to Ms. Venners and subsequent decision to terminate her took place in Indiana. The contract at issue includes an Indiana forum selection clause and an Indiana choice of law provision. Thus, the law of Indiana dictates the substantive rights of the parties in this contract action. The *Stewart* Court did not intend to affect the substantive law of the case but merely held that section 1404(a) "governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer the case ..." *Stewart*, 108 S.Ct. at 2245.

 The defendants' right to counterclaim for a breach of contract based upon the forum selection clause is not eliminated by application of *Stewart*. Rights under a contract based on state law cannot be voided because a federal court in a diversity action applies its own housekeeping rules. The court finds the defendants' argument persuasive and for the foregoing reasons denies plaintiffs' motion to dismiss counterclaim.

The plaintiffs' motion to strike defenses is also denied as allegations in the plaintiffs' complaint permit the defendants to properly proceed on defenses D, E, and F.

The plaintiffs' motion for sanctions is denied for the reasons stated from the bench.

An appropriate order shall issue.